IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, January 3, 2003

## KENNETH HINTON v. THE ESTATE OF JOHN D. KNOWLES, JR.

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 01-1154     Hon. W. Frank Brown, Chancellor**

**FILED FEBRUARY 26, 2003**

**No. E2002-02493-COA-R3-CV**

Estate appealed Trial Court's Judgment that plaintiff was the son of decedent.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Walter E. Grantham, II, Chattanooga, Tennessee, for Appellant.

Kevin B. Wilson, Chattanooga, Tennessee, for Appellee.

## OPINION

In this action to establish paternity, the Trial Court declared the deceased, John D. Knowles, Jr., to be the biological father of the plaintiff, Kenneth Hinton.  The estate has appealed.

The only issue on appeal is "whether the appellee established by clear and convincing proof" that the decedent, John D. Knowles, Jr., was plaintiff's biological father.

The evidence on appeal is presented to the Court by a narrative statement of the evidence, which established the decedent lived in the same Chattanooga community from a date prior to plaintiff's birth on August 6, 1963 until decedent's death on December 29, 2000.  The Trial Court filed a detailed memorandum and we quote:

In 1966 Ms. Hinton [plaintiff's mother] signed an Affidavit of Support and as a Dependant.  This affidavit was completed so that Mr. Knowles could claim Mr. Hinton as a dependant on his federal income tax form.  In that affidavit Ms. Hinton

claimed that Mr. Knowles was Mr. Hinton's father. The affidavit acknowledges that Mr. Knowles paid child support of $28.00 per month. That affidavit was attached to a document prepared by Attorney Benjamin Z. Tabb in which Mr. Knowles sought to establish his dependants. Mr. Hinton is claimed as a child. This document helped Mr. Knowles. . . .

Ms. Hinton also testified at a deposition and the hearing regarding this matter. She said that Mr. Knowles was Mr. Hinton's biological father. She also testified that Mr. Knowles spent time with Mr. Hinton. According to Ms. Hinton, Mr. Knowles paid child support of $7.50 per week for Mr. Hinton until Mr. Hinton was 16 or 17 years old. Mr. Hinton's birth certificate is also before the court. While Richard Hinton is listed as Mr. Hinton's father on his birth certificate, Mr. Hinton's full name is given as "Kenneth Nowles Hinton." Ms. Hinton testified that the "K" was mistakenly left off "Knowles". She also testified that at some point an attempt was made to legally change Mr. Hinton's birth certificate. Apparently the change was not properly completed.

Mr. Hinton testified at the hearing. He said that Mr. Knowles acknowledged him as his son. Mr. Knowles would buy Mr. Hinton necessities and also bought Mr. Hinton's first car. At the hearing a loan document was also presented as evidence that Mr. Knowles acknowledged Mr. Hinton as his son. . . . Mr. Hinton sought to obtain a loan for $2,550.00 and Mr. Knowles had to sign as a co-borrower. Mr. Hinton's bank credit card also listed Mr. Knowles as a co-holder.

Ms. Geraldine Knowles, Mr. Knowles sister, also testified. She said that Mr. Knowles acknowledged Mr. Hinton as his son. He never denied that Mr. Hinton was his son and he behaved toward "Kenny" in a fatherly manner. She said that Mr. Hinton spent time with the Knowles family during the summers. Ms. Mae Gwendolyn Ford also testified. She has been Mr. Hinton's friend for approximately fifteen (15) years. She said that Mr. Knowles referred to Mr. Hinton as his son in her presence during the couple of times she was around Mr. Knowles.

The Trial Court found the evidence presented by Kenneth Hinton credible. We conclude the Trial Court as the trier of fact weighed the evidence and properly applied the correct legal standards, and we affirm the Trial Court's Judgment declaring the decedent, John D. Knowles, as the biological father of Kenneth Hinton.

The cost of the appeal is taxed to the estate of John D. Knowles, Jr.

_____
HERSCHEL PICKENS FRANKS, J.

-2-